[1]IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-cv-00698 |
| | ) | |
| v. | ) | |
| | ) | Honorable Ellen L. Hollander |
| BALTIMORE POLICE DEPARTMENT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' MOTION FOR RULE TO SHOW CAUSE AS TO THE OFFICE OF THE STATE'S ATTORNEY'S FOR BALTIMORE CITY REGARDING ITS DEFICIENT RESPONSE TO A DOCUMENT SUBPOENA**

NOW COME Defendants, Kevin Davis, Frank Barlow, Daniel Boone, and Gerald Goldstein (hereinafter the "Individual Defendants"), by and through their attorneys, Nathan & Kamionski LLP, and hereby move this Court pursuant to Fed. R. Civ. P. 45 for an order that the State's Attorney's Office for Baltimore City (hereinafter "SAO") should show cause as to the basis for its failure to properly respond to Individual Defendants' Subpoena to produce documents and information. In support of their motion, Individual Defendants state as follows:

**Factual Background**

Jerome L. Johnson (hereinafter "Plaintiff") was convicted of first-degree murder and use of a handgun in the commission of a crime of violence by a Baltimore City Jury on March 15, 1989. Plaintiff spent the next two decades attempting to overturn his convictions. After exhausting all possible judicial remedies, Plaintiff filed a Petition for Writ of Innocence in April 2011. As discussed below, Plaintiff presented a number of false affidavits in his petition. One affidavit, allegedly signed by a man named Paul Burton, claimed that Burton, and not Plaintiff, was the

---

[1] Defendant Baltimore Police Department ("BPD") joins Individual Defendants in seeking the requested relief.

1

individual who handed a gun to the shooter, and that Plaintiff was not present at the murder. Another affidavit, allegedly signed by Alvin Hill, the convicted shooter in the murder, also claimed that Paul Burton handed a gun to Hill and that Plaintiff was not present at the murder. Although Plaintiff's petition was denied, The Maryland Court of Special Appeals remanded Plaintiff's petition for an evidentiary hearing. With this remand pending, Plaintiff withdrew his petition. The SAO then joined Plaintiff in filing a new petition (hereinafter "SAO Joint Petition"). Notably, the SAO Joint Petition dropped all references to the Paul Burton affidavit while adopting and relying on the Alvin Hill affidavit which claimed that Burton, and not Johnson, handed a gun to the shooter.

In fact, Paul Burton's prison records demonstrate that he was incarcerated at Maryland Correctional Institute - Hagerstown on July 14, 1988, the day of the murder. *See* NK DEF 012676, attached hereto as Exhibit 1. Additionally, Mr. Burton testified at his deposition in this case that he was in prison on July 14, 1988 and that he never signed the affidavit Plaintiff sought to attribute to him. *See* Excerpt of Deposition Transcript for Paul Burton 1/20/2021, attached hereto as Exhibit 2. As such, both the Burton affidavit and the Alvin Hill affidavit are false. Nonetheless, Plaintiff successfully gained his release from prison, in part by misleading the SAO and the court with his claim that "[i]n 2000, co-defendant Hill provided an affidavit indicating that he knew Johnson and Johnson was not present at the time of the murder." *See* Memorandum of Law in Support of Joint Petition for Writ of Actual Innocence, at p. 15.

With the SAO's "exoneration" in hand, Plaintiff brings this §1983 lawsuit against the Baltimore Police Department ("BPD") and four former employees of the BPD, the Individual Defendants, Davis, Barlow, Boone, and Goldstein. Plaintiff alleges that Defendants caused Mr. Johnson's wrongful conviction and imprisonment for the murder of Aaron Taylor, in part, by

pressuring an eyewitness, Lakisha Snead, to incriminate Plaintiff in the murder. Individual deny these allegations.

Plaintiff's entire claim is predicated on his release from prison as a direct result of the SAO Joint Petition. Compl., Dkt. No. 1, at ¶136. In addition to the Alvin Hill affidavit, the SAO Joint Petition relied extensively on statements allegedly made by Lakisha Snead to the SAO in the course of its reinvestigation of the murder of Aaron Taylor. *Id*. at ¶134. Indeed, Plaintiff seeks to support all of his claims with various findings outlined in the SAO Joint Petition. *Id*. at ¶¶132-140. In addition, Plaintiff disclosed the SAO's letter Certification of Conviction in Error and apparently intends to rely upon it at trial. *See* Certification of Conviction in Error, attached hereto as Exhibit 3.

Individual Defendants issued a subpoena to the SAO for all relevant materials, which was properly served on July 31, 2020. *See* Subpoena to SAO with proof of service, attached hereto as Exhibit 4. After more than six months, the SAO continues to withhold the audio recording of Lakisha Snead's statements to the SAO. Moreover, despite the SAO previously agreeing to produce to counsel unredacted documents, the SAO reneged on its agreement and, after more than six months, produced documents that are so heavily redacted that they are rendered meaningless. The SAO's continued non-compliance with a lawfully issued subpoena, withholding a critical witness statement, and withholding critical information regarding other witness statements, severely prejudices Individual Defendants' ability to defend against Plaintiff's claims.

## Legal Standard

Under the Federal Rules of Civil Procedure, district courts have broad powers to govern conduct of discovery. *Dashiel v. Montgomery County*, 131 F.R.D. 102, 103 (D. Md. Nov. 16, 1989). Federal Rule of Civil Procedure 45(A)(iii) commands each person, to whom a subpoena is

directed to "produce designated documents," to comply with said subpoena at "a specified time and place." Rule 45(C)(A) provides that a "subpoena may command a person to comply within 100 miles of where the person resides, is employed, or regularly transacts business" and Rule 45(g) makes clear that a person who disobeys a subpoena, or a subpoena-related order, may be subject to contempt sanctions.

**Discussion**

Individual Defendants issued a subpoena to the SAO for all relevant materials, which was properly served on July 31, 2020. *See* Ex. 4. Plaintiff issued a subpoena of his own to the SAO on July 24, 2020. *See* Plaintiff's Subpoena to SAO, attached hereto as Exhibit 5. The SAO produced an incomplete file, missing its entire post-conviction reinvestigation, on August 17, 2020. Counsel for Individual Defendants immediately notified the SAO that its production was incomplete. *See* Email Thread 1, attached hereto as Exhibit 6, at p. 3. Over the next several months, the SAO acknowledged that its production was not responsive to any subpoena and was simply a copy of documents it had produced to Plaintiff in response to an earlier MPIA request. *See* Email Thread 2, attached hereto as Exhibit 7, at pp. 1-3.

On November 25, 2020, a meet and confer was held between the parties and the SAO via phone. At the meeting, Counsel for SAO stated that it would comply with the subpoenas and raised concerns about revealing witness identities. *See id*. at pp. 4-8. Though counsel for the parties did not agree that witness identities could be lawfully withheld, the parties agreed that Counsel for Plaintiff and Individual Defendants would submit a list of all relevant parties to the suit and that the SAO would not redact nor withhold any materials related to these pre-identified individuals. *See id*. Counsel for the parties submitted a list of pre-identified individuals to Counsel for SAO on December 8, 2020. *See id*. at pp. 4-7 (identifying the following parties:

4

- Thomas Carroll
- Reginald Dorsey
- Alvin Hill
- Lakisha Snead
- Kenneth Allen
- Tanya Lazenby
- Deborah McFadden
- Alvin Morgan
- Paul Burton
- Kenneth Jones
- Al Phillips
- Aaron Steve Owens
- Shawn Morgan
- Kevin Davis
- Frank Barlow
- Daniel Boone
- Gerald Goldstein
- Robert Mays (or Mayes)
- Officer McDonald
- Lt. Nesbit
- Det. Charles Gilbert
- Marvin Reid
- Jung Kim
- Orin (or Orni or Ornie) Carroll
- Juandre Mims
- Van Anthony Meadows
- George Johnson).

**Baseless Redactions Made by The SAO Rendering the Documents Incomprehensible**

Counsel for the parties inquired about the status of SAO's production and continued to receive assurances that the SAO would comply with the subpoenas and the parties' agreement. *See id*. at pp. 1-3. On February 1, 2021, after a delay of more than six months, and nearly two months after the meet and confer, the SAO finally produced relevant documents and a privilege log to counsel. Despite its previous agreement, virtually ALL names of ALL parties mentioned in each and every document were redacted in violation of the SAO's own agreement with counsel for all parties and in non-compliance with the Individual Defendants' subpoena. These redactions were equally improperly applied to notes of known witness statements to the SAO during its reinvestigation. Importantly, these documents are the only known records of these witness statements.

**SAO's Withholding of an Audio Recording of Lakisha Snead or Other Eyewitness**

Plaintiff also withheld an audio recording of its interview with "unidentified individual," conducted on May 16, 2018. Other documents produced by SAO strongly indicate that the "unidentified individual" who gave the recorded audio statements is Lakisha Snead, a critical

5

witness pre-identified by counsel for the parties. As previously explained Ms. Snead's recorded statements are central to the claims and defenses in this case.

The SAO's only objection to producing the audio recording is that it contains "Personal identifying information." *See* SAO Johnson Privilege Log, attached hereto as Exhibit 8 (citing Md. Code, General Provisions § 4-501(a)(3)). Not only is the assertion of this protection contrary to the SAO's prior agreement to fully produce any materials attributed to an individual pre-identified by the parties, it is also legally baseless. This Court has made crystal clear that "the exemptions in the [MPIA] do not create privileges for the purposes of discovery." *Shriner v. Annapolis City Police Dep't*, No. CIV.A. ELH-11-2633, 2012 WL 959380, at *3 (D. Md. Mar. 19, 2012) (citing *Boyd v. Gullett,* 64 F.R.D. 169, 178 (D.Md.1974)). The Court's admonishment "that judicial resolution of this controversy would have been unnecessary if counsel [ ] had consulted with one another and jointly proposed a protective order to the Court, in accordance with their duty to cooperate imposed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's Discovery Guidelines," was well taken by Counsel for Individual Defendants. *Id*. at *5.

Given the Court's ruling in *Shriner*, on February 16, 2021, Counsel for Individual Defendants once again reminded Counsel for SAO of the existing Stipulated Order Regarding Confidentiality of Discovery Material, Dkt. No. 64, and offered to mark any "personal identifying information" confidential pursuant to the Court's order. *See* Email Thread 3, attached hereto as Exhibit 9. Counsel also invited the SAO to propose a separate protective order if it preferred. *See id*. On February 22, 2021, Counsel for SAO informed Counsel for Individual Defendants that it would not produce the relevant materials. *See* Email Thread 4, attached hereto as Exhibit 10.

**Other Improperly Withheld Documents**

According to its privilege log, the SAO improperly withheld three other documents and materials on the basis that they contained "Personal identifying information." As explained above, this assertion is contrary to federal law and the SAO's agreement with counsel in this case.

Finally, the SAO improperly withheld two documents on the basis of "Attorney work product privilege." Although the attorney opinion work product is protected from disclosure, production of fact work product may be compelled "in limited circumstances, where a party shows 'both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019), as amended (Oct. 31, 2019) (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)); *see* Fed. R. Civ. P. 26(b)(3). As explained, the SAO's reinvestigation of Plaintiff's case is at the heart of this litigation. As such, all factual and procedural recitations by the SAO are extremely relevant to Individual Defendants' defenses and are unavailable from another source. This is especially true in light of the troubling inaccuracies contained within the SAO's filing with the state court. *See supra* Factual Background at pp. 1-3. It should be noted, that Counsel for SAO indicated that the SAO would waive any attorney work product privilege arguments, but has thus far not produced any portion of the two withheld documents. *See* Email Thread 5, attached hereto as Exhibit 11.

**Efforts to Resolve the Issues Raised in This Motion Without Court Involvement**

Two "meet and confer" conferences were held via phone on February 2, 2021, between Counsel for Individual Defendants and Counsel for SAO to discuss the outstanding issues between the parties. *See* Ex. 10 at p. 1. On February 5, 2021, Counsel for SAO confirmed, via email, that the State's Attorney directed Counsel for SAO to renege on its agreement with the parties. *See id*.

7

In the end, SAO's unexplained excessive delays and failure to honor its commitments are causing unnecessary delays in discovery. Individual Defendants, therefore, seek an order compelling SAO to show cause as to why it should not be held in contempt for failing to produce unredacted documents in response to the record subpoena of Individual Defendants and the SAO's failure to produce a responsive audiotaped witness statement.

WHEREFORE, Individual Defendants request that this Court enter an order compelling the full production and inspection of documents and audio by SAO, and for such other relief as this Court may deem appropriate.

DATED: March 9, 2021                                      Respectfully submitted,


                                                  /s/ Shneur Nathan
                                                  Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
Judson Arnold, Bar ID 21296
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
Phone: (410) 885-4349
Fax: (952) 658-3011
snathan@nklawllp.com
akamionski@nklawllp.com
jarnold@nklawllp.com

*Counsel for Individual Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2021, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record, and that I served a copy of the same on counsel for the Baltimore City State's Attorney's Office via email.

/s/ Shneur Nathan