AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| Jerome Johnson <br> *Plaintiff* <br> v. <br> Baltimore Police Department, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:19-cv-00698-ELH |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Office of the State's Attorney, ATTN Marilyn Mosby, 120 East Baltimore Street, 9th Floor
Baltimore, MD 21202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: Nathan & Kamionski, LLP <br> 201 North Charles Street Suite 1202 <br> Baltimore, MD 21201 | Date and Time: <br> 08/10/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/07/2020

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | /s/ Judson Arnold <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Officers
_____ , who issues or requests this subpoena, are:

Judson Arnold 201 N. Charles Street Suite 1202 Baltimore, MD 21202 jarnold@nklawllp.com (410) 630-4493

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-cv-00698-ELH   Document 86-5   Filed 03/09/21   Page 2 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-02473-SAG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: via certified mail to Office of the State's Attorney, ATTN Marilyn Mosby, 120 E. Baltimore St., 9th Floor, Baltimore, MD 21202

on *(date)* 07/31/2020 ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/12/2020

*Jennifer Alcala*
Server's signature

Jennifer Alcala, Paralegal
*Printed name and title*

NATHAN & KAMIONSKI LLP
201 N. Charles St., Suite 1202
Baltimore, MD 21201
*Server's address*

[Attached: USPS Domestic Return Receipt (PS Form 3811) addressed to Office of the State's Attorney, 120 E. Baltimore St. 9th Floor, Baltimore MD 21202; Received by L. Williams; Date of Delivery 7/31/2020; Article Number 7019 2280 0001 3839 4496; tracking barcode 9590 9402 4410 8248 2860 63; Certified Mail service type.]

Case 1:19-cv-00698-ELH   Document 86-5   Filed 03/09/21   Page 3 of 8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME L. JOHNSON, | * | |
| | * | |
| Plaintiff, | * | No. 1:19-cv-00698 |
| | * | |
| v. | * | |
| | * | Judge Ellen L. Hollander |
| BALTIMORE POLICE DEPARTMENT, et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CUSTODIAN OF RECORDS, BALTIMORE CITY STATE'S ATTORNEY'S OFFICE
SUBPOENA SCHEDULE**

**I.    Definitions**

Notwithstanding any definition set forth below, each word, term or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Schedule, the following terms are to be interpreted in accordance with these definitions:

1.    The term "BPD" shall mean the Baltimore Police Department, and its current and former officials, officers and employees.

2.    the term "Communication" means the transmittal of information by any means.

3.    the term "concern" and "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.    the terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." The term "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. The term "Documents" shall include data stored, maintained or organized electronically or magnetically through computer equipment, translated, if necessary, by you into reasonably usable form and shall include metadata. A draft or non-identical copy is a separate document within the meaning of the term "Document."

5.    The term "Documents Sufficient to Identify" or "Documents Sufficient to Show" means Documents that are necessary and sufficient to provide the information requested. Where "Documents Sufficient to Identify" or "Documents Sufficient to Show" is specified, you may submit either responsive documents or an affidavit that contains the requested information, and identify the specific source(s) of the information.

6.    The term "including" means "including, but not limited to."

7. The term "person" shall mean any natural person, public or private corporation, whether organized for profit; governmental entity; partnership; association; cooperative; joint venture; sole proprietorship; or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as an employee, officer, agent, attorney, or other representative of the business entity.

8. The term "you" and "your" shall mean the person to whom this Subpoena is addressed, and all of that person's current or former agents, representatives and attorneys.

9. the term "any" shall be construed as synonymous with "every" and shall be all inclusive.

10. The terms "and" and "or" shall encompass both "and" and "or" as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

## II. General Instructions

1. You are required to produce the originals of all documents and other items that are responsive, in whole or in part, to any description set forth in this Subpoena Schedule, along with all copies of any such document that differs from the original as a result of any addition, deletion, alteration, notation, inscription, or interlineation on any part of the document.

2. The use of the singular form of any word includes the plural and vice versa. In addition, the use of any tense of any verb includes all other tenses of the verb.

3. If you withhold any document on the ground of privilege, provide a statement setting forth:

    a. the name and title of the author (and, if different, the preparer and signatory);

    b. the name and title of the person to whom the document was addressed;

    c. the names and titles of all persons to whom the document or a copy of the document was sent and to whom the document or a copy, or any part thereof, was shown;

    d. the date of the document;

    e. the number of pages of the document;

    f. a brief description of the subject matter;

    g. the privilege claimed; and

    h. the paragraph of the Schedule to which the document is responsive.

## III. Documents to be Produced

1. All documents in your possession, custody, or control that comprise, constitute, refer, or relate to your file for the investigation, prosecution, and conviction of Jerome Johnson in Case No. 18831504 (Circuit Court for Baltimore City).

2. All documents in your possession, custody, or control that comprise, constitute, refer, or relate to your file relating to any post-conviction relief, including his Petition for Writ of Actual Innocence, sought by Jerome Johnson or anyone acting on his behalf.

3. All documents in your possession, custody, or control that comprise, constitute, refer, or relate to any investigation conducted by your office, specifically the Conviction Integrity Unit, regarding Jerome Johnson.

4. All documents in your possession, custody, or control that comprise, constitute, refer or relate to your file for any efforts to retry Malcom J. Bryant in Case No. 199008011-13 following the Circuit Court's granting of his Petition for Writ of Actual Innocence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| The Estate of MALCOLM J. BRYANT, Lamar Estep & Malique Bryant Co-Personal Representatives | * * | |
| | * | No. 19-cv-384 |
| Plaintiffs, | * | |
| v. | * | Judge Ellen L. Hollander |
| BALTIMORE POLICE DEPARTMENT, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATION OF CUSTODIAN OF RECORDS

I, _____, Custodian of Records, Baltimore City State's Attorney's Office, 120 East Baltimore Street, 9th Floor, Baltimore, MD 21202, certify as follows:

I am responsible for maintaining records in our office and give this Certification based upon my own personal knowledge.

Pursuant to a request by the Individual Defendants William F. Ritz and Barry Verger in this action, I have produced copies of certain records maintained as a part of a regularly conducted business activity. In accordance with Rule 902 of Rules of Evidence, such records were made at or near the time of the occurrence of the matters set forth in them by, or from information transmitted by, a person with knowledge of those matters; they were made and kept in the course of the regularly conducted business activity of the Baltimore City State's Attorney's Office and they were made and kept by the regularly conducted business activity as a regular practice at the Baltimore City State's Attorney's Office.

I solemnly affirm under oath subject to the penalty of perjury that the content of this Certification is true and correct.

_____     _____
Date                                                    Signature

                                                               _____
                                                               Printed Name