IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JEROME JOHNSON,<br><br>   Plaintiff,<br><br>  v.<br><br>BALTIMORE POLICE DEPARTMENT, *et al.*,<br><br>   Defendants. | Civil Action No. ELH-19-00698 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Jerome Johnson moves for an order granting leave to file an amended complaint to add factual allegations gathered in his investigation and thus far in discovery. As reflected in the proposed Amended Complaint (Ex. A) and a redlined comparison to the initial Complaint (Ex. B), Plaintiff is not seeking to add any new causes of action or defendants at this stage. Because Plaintiff is seeking only to add modest factual allegations that are relevant to his existing claims, there is good cause to amend under Federal Rule of Civil Procedure 16(b). Moreover, the proposed amendment would work no prejudice to Defendants and is not futile, so leave to amend should be freely granted pursuant to Federal Rule of Civil Procedure 15(a)(2).

**I. Background**

Plaintiff filed this § 1983 suit in March 2019 to seek redress against the Baltimore Police Department ("BPD") and former homicide detectives Kevin Davis, Daniel Boone, Frank Barlow, and Gerald Goldstein ("Officer Defendants") for causing his wrongful conviction for the 1988 murder of Aaron Taylor. The Court issued an order denying in substantial part Defendants'

motions to dismiss in March 2020, and subsequently denied Defendants' motion to bifurcate the *Monell* claim and stay discovery in November 2020.

Plaintiff's Complaint centers on allegations that the Officer Defendants, acting pursuant to BPD policy and procedures, suppressed exculpatory evidence concerning a 15-year-old witness (L.S.) who implicated Mr. Johnson at the underlying criminal trial. Plaintiff has not previously sought to amend his Complaint and now seeks to do so based on information gained during the discovery period (which is ongoing). The first scheduling order in this case was entered July 22, 2020, and it provided until August 2, 2020, to amend the pleadings. ECF No. 56. Since that time, Plaintiff has spent significant time investigating his claims and the parties have engaged in substantial discovery.

The entire document production in this case, which has been substantially delayed by the COVID-19 pandemic and related staffing limitations at BPD, took place after the deadline for amending the complaint under the scheduling order. For instance, Plaintiff received the first production from the Officer Defendants in September 2020. The BPD's production of *Monell* discovery, which is still ongoing, was delayed until the spring of this year, in part due to the intervening motion to bifurcate. Based on its review of the documents produced in this case, Plaintiff has updated the allegations in his Complaint. Additionally, on April 7, 2021, Plaintiff's counsel conducted an in-person inspection of BPD's homicide file, which has also led to updated allegations. During the discovery period, undersigned counsel continued its own investigation, including conducting witness interviews.

Although document discovery related to Plaintiff's claims has been ongoing for months, the majority of depositions are taking place during a two-month period, which began at the end of May and will continue through July. The close of fact discovery is August 9, 2021, the

deadline for Plaintiff's expert reports is August 26, 2021, and the deadline for Defendants' expert reports is September 9, 2021. ECF 101-1.

Prior to filing the instant motion and pursuant to Local Rule 103(6)(d), on June 2, 2021, counsel for Plaintiff requested Defendants' consent, including by providing Defendants' counsel with a redlined copy of the proposed Amended Complaint (Ex A). The Defendants refused to consent to this Motion.

II.     Discussion

### A. Plaintiff satisfies Federal Rule of Civil Procedure 16(b)(4)'s good cause standard.

Under Rule 16(b)(4), "[g]ood cause exists for amending a complaint after the scheduling order deadline when at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." *Wilson v. TelAgility Corp.*, No. CV GLR-17-1236, 2019 WL 2410963, at *3 (D. Md. June 7, 2019); *see also Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp. 2d 757, 770–71 (D. Md. 2010) (finding good cause to permit amended complaint at the time of summary judgment).

Here, the revised deadline to amend pleadings expired on July 22, 2020, only ten days after the scheduling order was entered. ECF No. 56. However, as explained above, Plaintiff did not receive any discovery until after that deadline. The documents exchanged in the latter part of last year and the early part of this year (and still forthcoming) include key documents, such as various versions of the BPD's homicide file, various documents from the State's Attorney's Office, and BPD policies and procedures, among other documents.

It was not until Plaintiff had access to and an opportunity to review these various documents, inspect the BPD file, and conduct his own additional investigation, that Plaintiff had a basis to amend the Complaint. For instance, Plaintiff has now included specific allegations

regarding the showing of photo arrays of suspects to witnesses as well as the BPD's policy regarding photo arrays, which was produced in the course of discovery after the amended complaint deadline. By the same token, Plaintiff has eliminated certain allegations regarding the Officer Defendants as a result of last month's file review, which allowed undersigned counsel to review handwritten notes that were cut off in the documents produced to Plaintiff's counsel. In short, Plaintiff is updating the Complaint based on what was learned in discovery. It was not possible to obtain all these documents and information before the deadline for amending the pleadings provided in the scheduling order. Therefore, good cause exists to modify the scheduling order to permit Plaintiff to file an amended complaint.

### B.  Justice requires granting Plaintiff's request to amend the Complaint.

Once a party has demonstrated good cause to modify a scheduling order, the inquiry shifts to Rule 15(a). *Wilson*, 2019 WL 2410963, at *4. Under this Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "unless 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). If this Court "is persuaded that no prejudice will accrue, the amendment should be allowed." *Haughie v. Wexford Health Sources, Inc.*, No. 18-cv-3963-ELH, 2020 WL 1158568, at *5 (D. Md. Mar. 9, 2020) (granting motion to amend because it was "in the interests of justice, not prejudicial to the defendants, and not necessarily futile").

As explained above, Plaintiff has acted in good faith in pursing this amendment. Nor would Plaintiff's proposed amendment prejudice Defendants. To the contrary, Plaintiff is

providing fair notice of additional allegations. Although document discovery has proceeded regarding this claim, no relevant depositions have yet been taken (e.g., depositions for Defendants and Plaintiff have not yet occurred) and plenty of time remains in the discovery schedule to do so. Defendants have ample notice of Plaintiff's new allegations for any relevant depositions.[1] Finally, amendment is not futile because Plaintiff's allegations provide additional support for his *Brady* claims.

## CONCLUSION

For the reasons stated above, Plaintiff requests that this Court grant it leave to file an amended complaint.

Dated: June 15, 2021                    Respectfully submitted,

                                        /s/
                                        Kobie A. Flowers (Bar No. 16511)
                                        kaf@browngold.com
                                        Andrew D. Freeman (Bar No. 03867)
                                        adf@browngold.com
                                        Neel K. Lalchandani (Bar No. 20291)
                                        nlalchandani@browngold.com
                                        Abigail G. Graber (Bar No. 19727)
                                        agraber@browngold.com
                                        Brown, Goldstein & Levy, LLP
                                        120 E. Baltimore Street, Suite 2500
                                        Baltimore, Maryland 21201
                                        Tel: (410) 962-1030
                                        Fax: (410) 385-0869

                                        *Attorneys for Plaintiff Jerome L. Johnson*

---

[1] Defendants have been on notice of Plaintiff's motion for leave to file an amended complaint since June 2, 2021, the date on which Plaintiff provided Defendants' counsel with a redlined copy of the Amended Complaint and sought Defendants' consent to this motion.