**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

August 6, 2021

MEMORANDUM TO COUNSEL.

    Re:    *Johnson v. Baltimore Police Department, et al.,*
             Civil Action No. ELH-19-698

As you know, plaintiff has moved for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15(a)(2). ECF 110 (the "Motion"). The Officer Defendants oppose the Motion. ECF 111. Plaintiff replied (ECF 112) and submitted multiple exhibits. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

In the original Complaint (ECF 1), plaintiff alleges that during the investigation of a 1988 murder, the Officer Defendants concealed powerful exculpatory and impeachment evidence, which resulted in plaintiff's wrongful conviction and subsequent incarceration. *See id.* ¶ 3. Mr. Johnson also alleges that the Officers' actions were "part of a longstanding pattern and practice" of the BPD. *Id.* ¶ 142.

By Memorandum Opinion (ECF 45) and Order (ECF 46) of March 10, 2020, I denied the motion to dismiss filed by the Baltimore Police Department ("BPD") and granted in part and denied in part motions to dismiss filed by the Officer Defendants. On July 22, 2020, I issued a Scheduling Order (ECF 56), setting a deadline for amendment of pleadings eleven days later. Thereafter, by Memorandum Opinion (ECF 65) and Order (ECF 66) of November 16, 2020, I denied defendants' motion to bifurcate the *Monell* claim lodged against the BPD, and to stay *Monell* discovery. Since then, the parties have been actively involved in discovery, which is set to close on August 30, 2021. ECF 114.

Plaintiff seeks to file a proposed amended complaint (ECF 110-2, redlined version) to allege new facts underlying his claims that the Officer Defendants withheld exculpatory evidence, in violation of his rights to due process. *See Brady v. Maryland*, 373 U.S. 83 (1963). According to plaintiff, the new factual allegations derive from information gleaned during discovery, which began in late 2020, as well as the investigation by plaintiff's counsel. *See* ECF 110 at 3-4; ECF 112 at 2. In sum, the new factual allegations pertain to an interview that some of the Officer Defendants conducted with the prosecution's witness, L.S., which was not previously disclosed; a friend of L.S., who accompanied L.S. to the scene of the murder on the night at issue; and the preparation of a previously undisclosed photo array by the Officer Defendants, during which a witness failed to identify plaintiff. *See* ECF 112 at 2-4.

Plaintiff does not seek to add new claims. In fact, the proposed amended complaint eliminates three counts of the original Complaint: Count V (conspiracy, under 42 U.S.C. §§ 1983,

1985); Count VIII ("Abuse of Process," under Maryland law); and, Count X (civil conspiracy, under Maryland law). ECF 110-2 at 33-34, 37-38.

Both sides are familiar with the applicable legal standards set forth in Rule 16(b)(4) and Rule 15(a)(2) and with my description of the standards in previous opinions. *See* ECF 110 at 3-4; ECF 111 at 1-2 (citing *Green v. AMF Bowling Centers, Inc.*, ELH-19-1410, 2020 WL 6204297, at *4 (D. Md. Oct. 21, 2020)); ECF 112 at 4, 9 (citing *Est. of Bryant v. Baltimore Police Dep't*, ELH-19-384, 2021 WL 1294133 (D. Md. Apr. 6, 2021)). Therefore, I need not restate the law governing the Motion.

I am satisfied that plaintiff has demonstrated diligence and has shown good cause to amend, within the meaning of Rule 16(b)(4). Discovery did not begin in earnest until months after the deadline for amendment of pleadings, and both sides have since remain engaged with the discovery process. *See Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 106 (D. Md. 2013) (stating that where "'at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline,' a plaintiff has 'good cause' for moving to amend at a later date'") (citation omitted)).

Moreover, I flatly reject the Officer Defendants' contention that plaintiff has failed to satisfy the "relatively liberal amendment policy" of Rule 15(a)(2). *Cook v. Howard*, 484 F. App'x 805, 814 (4th Cir. 2012). In fact, plaintiff was not necessarily required to seek leave to amend in advance of the summary judgment deadline, if at all. *See* Wright & Miller, Federal Practice & Procedure § 2721 Materials Considered on the Motion—In General, (4th ed. Apr. 2021) (explaining that "the formal issues framed by the pleadings are not controlling on a motion for summary judgment" and that, at summary judgment, a court assesses "whether any of the postpleading material suggests the existence of any other triable genuine disputes of material fact").

In seeking leave to amend when he did, and indicating the bases for the new allegations (*see* ECF 112 at 1-4), plaintiff provided the Officer Defendants with notice of the evidence and arguments on which he might rely at summary judgment. Therefore, I shall grant the Motion.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

                                            Very truly yours,

                                            /s/

                                            Ellen Lipton Hollander
                                            United States District Judge