Brown Goldstein & Levy

Kobie A. Flowers
kflowers@browngold.com

August 25, 2021

**VIA CM/ECF**

Hon. Deborah L. Boardman
United States District Court
 for the District of Maryland
101 West Lombard Street, 3C
Baltimore, Maryland 21201

      Re:    *Johnson v. Baltimore Police Dep't, et al.*, Civil Action No. ELH-19-0698

Dear Judge Boardman:

      Plaintiff Jerome Johnson submits this letter objecting to the request by Defendants Kevin Davis, Frank Barlow, Daniel Boone, and Gerald Goldstein ("Officer Defendants") to depose Plaintiff's attorney, Nancy Forster. Ms. Forster represented Mr. Johnson in his successful attempt to reverse his conviction in 2018. Ms. Forster was counsel of record in this matter until June 2, 2021. ECF No. 109. She continues to act as Mr. Johnson's attorney. Ex. 1, Forster Decl. ¶ 8.

      Depositions of a party's attorney are disfavored. "[C]ourts view skeptically efforts to depose an opposing party's attorney, especially when the subject matter of the deposition may be intertwined with potentially privileged information." *476 K St., LLC v. Seneca Specialty Ins. Co.*, No. CIV. TDC 14-2739, 2015 WL 3464459, at *1 (D. Md. May 28, 2015). The party seeking to depose another party's attorney bears the burden to demonstrate "1) the deposition is the only practical means of obtaining the information; 2) the information will not invade the attorney-client privilege or the attorney's work product; and 3) the information is relevant and its need outweighs the disadvantages of deposing a party's attorney." *Cincinnati Ins. Co. v. Fish*, No. CV RDB-19-3355, 2021 WL 1658469, at *1 (D. Md. Apr. 27, 2021).[1] These restrictions apply to deposing both litigation counsel and counsel for a party in other matters. *See, e.g.*, *id.* (quashing deposition of former outside coverage counsel); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 440–41 (D. Md. 2012) (restrictions apply to "litigation counsel" and "general corporate counsel"); *Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, No. 119CV461LMBTCB, 2020 WL 6379233, at *5 (E.D. Va. Sept. 4, 2020) (quashing deposition of former in-house counsel).

      The Officer Defendants have been unwilling or unable to specify what they seek from Ms. Forster, which alone dooms their effort here. *See Maxtena*, 289 F.R.D. at 441. The Officer

---

[1] The Fourth Circuit has not adopted a test to determine when counsel may be deposed. This test and close variations have been used repeatedly by district courts in this circuit. *See, e.g.*, *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 WL 12782815, at *4 (W.D. Va. Oct. 29, 2014) (collecting cases).

**BROWN GOLDSTEIN & LEVY, LLP**

Hon. Deborah L. Boardman
*Johnson v. Baltimore Police Dep't, et al.*
Civil Action No. ELH-19-0698
August 25, 2021
Page 2

---

Defendants offer that their questions will include those "about the custody of [Ms. Forster's] file and the documents contained in it" and "the documents disclosed from [Ms. Forster's] file along with the timeline and factual circumstances of the various investigative events." Ex. 2. Plaintiff does not know what documents the Officer Defendants consider to be Ms. Forster's file, as no such file has been produced.[2] Without more, the Officer Defendants cannot carry their burden.

The information the Officer Defendants have shared does not suffice. First, they have not explained what efforts they made to get the information they seek from other sources. *See S.E.C. v. SBM Inv. Certificates, Inc.*, No. CIV A DKC 2006-0866, 2007 WL 609888, at *23–25 (D. Md. Feb. 23, 2007). The Officer Defendants have access to the same witnesses and documentary record Ms. Forster did. They have not explained why the information they seek was not available through interrogatories, interviews, or depositions of other witnesses. To the extent Ms. Forster shared information about her investigation with the SAO, the Officer Defendants had the opportunity to subpoena documents from and depose the SAO.

Second, the deposition of Ms. Forster threatens to invade attorney-client privilege and work-product protection. Ms. Forster remains Mr. Johnson's attorney and continues to advise him with regard to this litigation. Ex. 1, Forster Decl. ¶ 8. The presumption against allowing depositions of counsel protects "active member[s] of [the] litigation team." *McAirlaids*, 2014 WL 12782815, at *4. Nor would the end of her representation of Mr. Johnson make a difference. *See Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 487 F.2d 480, 484 (4th Cir. 1973); *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730, 736 (4th Cir. 1974).

Ms. Forster obtained knowledge of the criminal investigation into Mr. Johnson, his post-conviction proceedings, and his exoneration entirely through her work as Mr. Johnson's litigation counsel. Ex. 1, Forster Decl. ¶ 10. Under such circumstances, a deposition "would inevitably and improperly invade the work product." *SBM Inv. Certificates*, 2007 WL 609888, at *25. As courts in this circuit have affirmed, information about how counsel pursued an investigation is work product. *See, e.g.*, *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (attorney's selection and arrangement of documents "reveals her thought processes and theories regarding [the] litigation" and is work product); *Tech. Pats. LLC v. Deutsche Telekom AG*, No. CV AW-

---

[2] Ms. Forster put together a binder for the Conviction Integrity Unit of the State's Attorney's Office ("SAO"), which was produced in discovery. The binder consists of public filings and transcripts, a table of contents, a case timeline, summaries of witnesses' trial testimony, a timeline of post-trial proceedings, and Ms. Forster's summary of the evidence of Mr. Johnson's innocence. All pages containing Ms. Forster's descriptions are attached as Exhibit 3. The rest of the binder is approximately 300 pages of public filings and one document from the homicide file. All of the evidence Ms. Forster summarizes in Exhibit 3 has been produced in discovery.

**BROWN GOLDSTEIN & LEVY, LLP**

Hon. Deborah L. Boardman
*Johnson v. Baltimore Police Dep't, et al.*
Civil Action No. ELH-19-0698
August 25, 2021
Page 3

---

07-3012, 2010 WL 11556702, at *3 (D. Md. Mar. 29, 2010) ("[A]n attorney's mere knowledge of the existence of documents is protected work-product."); *Lefkoe v. Jos. A. Bank Clothiers*, No. CIV. WMN-06-1892, 2008 WL 7275126, at *12 (D. Md. May 13, 2008) ("The identity of persons interviewed in anticipation of litigation generally" and "dates of interviews, locations of interviews, and the substance of all communications" are work product). The "timeline and factual circumstances" of Ms. Forster's investigation, Ex. 2, is therefore protected work product.[3] To the extent Mr. Johnson provided Ms. Forster with documents or with litigation leads, that information is subject to the attorney-client privilege and the work product doctrine.

Finally, the Officer Defendants have made no attempt to show that the information they seek "is relevant and its need outweighs the disadvantages of deposing a party's attorney." *Cincinnati*, 2021 WL 1658469, at *1. Those disadvantages are myriad.

> First, allowing depositions of opposing counsel may chill the free exchange of information between counsel and client. Second, depositions of opposing counsel are often used to harass the opposing party. Third, federal courts have expressed concern that counsel depositions carry the substantial potential of spawning litigation over collateral issues related to assertion of privilege, scope, and relevancy, that only end up imposing additional pretrial delays and costs on both parties and burdens on the courts to resolve work-product and privilege objections.

*Navient*, 2020 WL 6379233, at *4 (citations omitted). Against the weight of these concerns, the Officer Defendants have offered nothing to show the relevance of the non-privileged information in Ms. Forster's possession.

Nor could they. This case is about whether the Baltimore Police Department and its officers violated Mr. Johnson's constitutional rights in the course of their investigation and prosecution of him for murder. Ms. Forster represented Mr. Johnson in proceedings over 20 years after the investigation at the heart of this case. She has no first-hand knowledge of the original homicide investigation on which this case turns. She has no access to information or witnesses (other than her client, Mr. Johnson) that the Officer Defendants do not share.

For the forgoing reasons, Plaintiff respectfully requests that the Court quash the deposition subpoena of Ms. Forster.

---

[3] The Officer Defendants do not specify what kind of questions they intend to ask about the "documents disclosed from [Ms. Forster's] file," Ex. 2, but of course Ms. Forster's thoughts about any of the documents related to Mr. Johnson's case are core opinion work product. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983–84 (4th Cir. 1992).

**BROWN GOLDSTEIN & LEVY, LLP**

Hon. Deborah L. Boardman
*Johnson v. Baltimore Police Dep't, et al.*
Civil Action No. ELH-19-0698
August 25, 2021
Page 4

---

Dated: August 25, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Kobie A. Flowers (Bar No. 16511)
　　　　　　　　　　　　　　　　　kaf@browngold.com
　　　　　　　　　　　　　　　　　Andrew D. Freeman (Bar No. 03867)
　　　　　　　　　　　　　　　　　adf@browngold.com
　　　　　　　　　　　　　　　　　Neel K. Lalchandani (Bar No. 20291)
　　　　　　　　　　　　　　　　　nlalchandani@browngold.com
　　　　　　　　　　　　　　　　　Abigail G. Graber (Bar No. 19727)
　　　　　　　　　　　　　　　　　agraber@browngold.com
　　　　　　　　　　　　　　　　　Brown, Goldstein & Levy, LLP
　　　　　　　　　　　　　　　　　120 E. Baltimore Street, Suite 2500
　　　　　　　　　　　　　　　　　Baltimore, Maryland 21201
　　　　　　　　　　　　　　　　　Tel: (410) 962-1030
　　　　　　　　　　　　　　　　　Fax: (410) 385-0869

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Jerome L. Johnson*