# EXHIBIT 7

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

JEROME L. JOHNSON,  \*
    Petitioner  \*
                                 \*
                                 \*      Criminal Case No. 18831504
                                 \*
v.  \*
                                 \*
STATE OF MARYLAND,  \*
    Respondent  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR WRIT OF ACTUAL INNOCENCE
AND REQUEST FOR HEARING**

Jerome L. Johnson, Petitioner, by and through counsel, Rachel Marblestone Kamins and Offit Kurman, P.A., hereby files this Petition for Writ of Actual Innocence pursuant to § 8-301 of the Maryland Criminal Procedure Article and requests a hearing thereon.

**I.    INTRODUCTION**

Petitioner has served a quarter of a century behind bars as part of the life sentence he received for murder. It was undisputed at trial that Petitioner was not the shooter and he has maintained from the beginning that he was not involved *in any way* in the shooting. He was convicted of murder on the testimony of a young girl who claimed at trial that he provided the gun used in the shooting. During a recent review of his parole file, Petitioner discovered a statement that same witness had given to police the night of the shooting that both contradicts her trial testimony (which itself contradicted her Grand Jury testimony) and mentions nothing whatsoever about seeing Petitioner in the vicinity nor having

*Cc: Judge Murdock*

1

NK DEF 000610

a substantial or significant possibility that the result may have been different, as that standard has been judicially determined; and (2) could not have been discovered in time to move for a new trial under Maryland Rule 4-331." No claim ever has been raised before now relating to this statement inasmuch as neither former counsel nor Petitioner was aware that the statement existed. *See* Exhibit B. Even without trial counsel's Affidavit, it is obvious from the face of the transcript that counsel was not aware, and could not have been aware, that Snead had given the police any statement prior to July 19, 1988, much less a statement that flagrantly contradicted her subsequent and, as it turns out, internally inconsistent stories. Had the defense known about this evidence, counsel would have impeached Ms. Snead to the point where her credibility was nil.

The newly discovered evidence of Ms. Snead's police statement should be viewed against the backdrop of three affidavits, submitted to the court in an earlier proceeding, that exculpate Petitioner in the shooting for which he is serving the remainder of his life in prison. Co-defendant Alvin Hill submitted on affidavit on May 23, 2000, detailing the crime and attesting to the fact that Petitioner was not involved in the shooting. His affidavit was corroborated by Paul Burton, who submitted an affidavit on April 15, 1997, describing his role in the murder of Aaron Taylor and exculpating Petitioner, stating that it was *he*, Burton, who handed "Poopie" the gun. Mr. Alvin Morgan swore out an affidavit on April 22, 1997, stating that Petitioner Johnson was with Mr. Morgan at the time of the shooting and that they heard the gunshots but were not present at the scene. Mr. Morgan's testimony is corroborated by the testimony of Ms. Deborah McFadden,

NK DEF 000624

who testified at Petitioner's post conviction hearing that at the time of the shooting, Petitioner was with Alvin Hill, nowhere near the crime scene. (Exhibit C). Arguably, the information contained in these three affidavits, in conjunction with the evidence adduced at the post conviction proceeding, if known at the time, created a substantial or significant possibility that the result of Petitioner's trial may have been different. *The newly discovered statement of Lakisha Snead virtually guarantees it.*

## V.     CONCLUSION

WHEREFORE, Petitioner respectfully prays that this Court GRANT a hearing on this petition for writ of actual innocence pursuant to § 8-301(b)(4) of the Maryland Criminal Procedure Article, vacate the conviction herein, and order a new trial.

Respectfully submitted,

_____
Rachel Marblestone Kamins
Offit Kurman, P.A.
8171 Maple Lawn Boulevard, Suite 200
Fulton, MD 20759

Counsel for Petitioner

16



NK DEF 000625