**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

May 31, 2022

MEMORANDUM TO COUNSEL

    Re:   *Jerome L. Johnson v. Baltimore Police Dep't, et al.*
           Civil Action No. ELH-19-0698

Dear Counsel:

    As you know, the instant suit arises from the claim for wrongful conviction of plaintiff Jerome Johnson. *See* ECF 1 (the "Complaint"). Specifically, Mr. Johnson was convicted of murder in 1988, and was sentenced to life imprisonment, plus a consecutive term of 20 years for a related crime. However, the Conviction Integrity Unit of the Baltimore City State's Attorney's Office ("CIU") later determined that Mr. Johnson was innocent. And, in 2018, following three decades of incarceration, Mr. Johnson's convictions were vacated.

    In an Amended Complaint (ECF 116), plaintiff named as defendants the Baltimore City Police Department ("BPD") as well as four BPD detectives in their individual capacities: Frank Barlow, Daniel Boone, Ken Davis, and Gerald Goldstein (collectively, the "Individual Defendants"). The Amended Complaint includes eight counts. Counts I through V are filed under 42 U.S.C. § 1983, and Counts VI through VIII assert claims arising under Maryland law.

    Count I is titled "Failure to Disclose Exculpatory and Impeachment Evidence." *Id.* ¶¶ 199-204. It states a claim against the Individual Defendants for a violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution. *Id.* In Count II, Johnson brings a claim for "Fabrication of Evidence," in violation of his federal due process rights. *Id.* ¶¶ 205-09. Count III asserts a claim for "malicious prosecution," in violation of the Fourth and Fourteenth Amendments. *Id.* ¶¶ 210-14. Count IV asserts a claim against the Individual Defendants for "Failure to Intervene." *Id.* ¶¶ 215-18. And, Count V asserts a "*Monell*" claim against the BPD, pursuant to the Fifth and Fourteenth Amendments. *Id.* ¶¶ 219-226; *see Monell v. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

    Moreover, plaintiff brings two State law claims against the Individual Defendants: malicious prosecution (Count VI) and intentional infliction of emotional distress (Count VII). ECF 116, ¶¶ 227-37. And, in Count VIII, Johnson asserts a claim for indemnification against the BPD for the Individual Defendants' actions. *Id.* ¶¶ 238-40.

    On September 8, 2020, the parties entered a Stipulated Confidentiality Order. ECF 64 (the "Protective Order"). The Protective Order permits a party to designate discovery material as "confidential" if the party, acting in good faith, believes that "it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information

which is in fact confidential." *Id.* ¶ 1(a). And, the Protective Order indicates that a party who seeks to submit to the Court any materials so designated must file them under seal. *Id.* ¶ 2.

Following the close of discovery, the Individual Defendants filed a motion titled "Motion To Dismiss Plaintiff's Amended Complaint As A Litigation Sanction Based On The Use Of False Or Fabricated Evidence," pursuant to Fed. R. Civ. P. 41(b). ECF 137 (the "Motion to Dismiss"). It is supported by twenty-seven exhibits. The Individual Defendants also filed a motion for summary judgment (ECF 138), accompanied by a memorandum of law (ECF 138-1) (collectively, the "Individual Motion"), and twenty-five exhibits.

Pertinent here, the Individual Defendants have asked the Court to grant them leave to file under seal two exhibits (ECF 138-20; ECF 143) that were submitted in connection with the Individual Motion. *See* ECF 139. ECF 138-20 is an audio file of an interview of Lakisha Snead, a fact witness in this case, conducted by an Assistant State Attorney.[1] And, ECF 143 contains a portion of the transcript of Ms. Snead's grand jury testimony. Additionally, the Individual Defendants ask the Court to seal one exhibit (ECF 137-26) submitted in support of the Motion to Dismiss. *See* ECF 144. It is titled "Plaintiff's Second Supplemental Answers To Defendant Davis's First Set Of Interrogatories." ECF 137-26 at 2. Notably, it includes certain information marked as "CONFIDENTIAL," including Johnson's personally identifiable information. *Id.* at 4.

I shall refer to ECF 139 and ECF 144 collectively as the "I.D. Sealing Motions." In support of the I.D. Sealing Motions, defendants merely state that "the nature of the information" contained within these exhibits "falls under the purview of the Protective Order and would be deemed confidential." ECF 144 at 1; *see* ECF 139 at 1 (similar).[2]

The BPD also moved for summary judgment (ECF 136), supported by a memorandum of law (ECF 136-1) (collectively, the "BPD Motion"), and thirty-four exhibits. The BPD did not move to seal any exhibits, associated the BPD Motion. Moreover, the BPD and the Individual Defendants filed a "Joint Motion To Bifurcate Trial" (ECF 140), also supported by a memorandum of law. ECF 140-1 (collectively, the "Bifurcation Motion"). No exhibits were appended to the Bifurcation Motion.

Plaintiff opposes the Individual Motion (ECF 151) (the "Individual Opposition"), supported by forty-five exhibits, as well as the Motion to Dismiss (ECF 152) (the "Dismissal Opposition"), accompanied by twenty-six exhibits. And, Johnson filed a "Consolidated Opposition To Baltimore Police Department's Motion For Summary Judgment And Co-Defendants' Joint Motion To Bifurcate Trial" (ECF 156) (the "Consolidated Opposition"), supported by thirty exhibits.

---

[1] The Individual Defendants state that the audio file contained within ECF 138-20 "cannot be converted to PDF format and filed electronically," and that "[i]t exists on a CD." ECF 145. Accordingly, they moved "for leave to file the CD containing the electronic media with the Clerk's Office in its physical format." *Id.* I granted the motion by Order of January 4, 2022. ECF 146.

[2] In ECF 139, the Individual Defendants erroneously state that the Protective Order was entered by the Court on June 2, 2020. ECF 139 at 1.

Johnson has moved to seal one exhibit (ECF 153) that was filed in support of the Dismissal Opposition. *See* ECF 154. It contains scanned copies of newspaper clippings (ECF 153 at 2-3), as well as an inmate visitor log (*id.* at 4-5). Plaintiff also asks the Court to seal one exhibit (ECF 157) appended to the Consolidated Opposition. ECF 158. The sealed exhibit includes a portion of a prosecution report and lists the names and addresses of several fact witnesses. *See* ECF 157.

I shall refer to ECF 154 and ECF 158 collectively as "Plaintiff's Sealing Motions." Concerning both exhibits, Johnson contends that, in accordance with the terms of the Protective Order, these exhibits "contain confidential material" and thus "must be filed under seal." ECF 154 at 1; ECF 158 at 1. Further, plaintiff maintains, without elaboration that "[a]lternatives to sealing would not provide sufficient protection because of the highly sensitive nature of the personal information." ECF 154 at 1; ECF 158 at 1.

The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

The Fourth Circuit has instructed that when "presented with a sealing request," a district court must "first 'determine the source of the right of access with respect to each document . . . .'" *Doe*, 749 F.3d at 266 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). The parties have sought to seal several documents that were filed in connection with summary judgment motions, or in opposition thereto. *See* ECF 138-20; ECF 143; ECF 157. Pertinent here, the First Amendment "right of access attaches to documents and materials filed in connection with a summary judgment motion." *Doe*, 749 F.3d at 267 (citing *Rushford*, 846 F.2d at 253). Accordingly, the more expansive First Amendment right of public access attaches to these materials. Presumably, the same standard applies to the documents submitted with the Motion to Dismiss and the Dismissal Opposition. *See* ECF 137-26; ECF 153.

In addition to the common law and the First Amendment, the Local Rules provide a complementary layer of protection for the public interest in disclosure. Local Rule 105.11 requires

a party seeking to seal documents to provide the court with "(a) proposed reasons supported by factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Notably, it is immaterial that the parties previously designated these exhibits as confidential pursuant to the Protective Order. A party does not have the right to require the court to seal judicial records. *See Rushford*, 846 F.2d at 254 ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents."). In other words, the parties cannot justify a sealing request merely because they have designated a document as confidential under a Protective Order.

Just as a party must furnish the court with concrete reasons for a sealing request, a court must address the specific justifications for a sealing order. "To seal a document, the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez*, 985 F.3d at 376 (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

To be sure, some of the information contained within the specified exhibits, such as plaintiff's personally identifiable information, is clearly sensitive and should not be made public. *See*, *e.g.*, ECF 137-26 at 4. But, the exhibits also contain information for which sealing is not warranted. *See*, *e.g.*, ECF 153 at 2-3 (clippings of publicly available media stories). And, in my view, the parties have not adequately explained why alternatives to sealing, such as redacting any sensitive information, is not a feasible alternative.

Accordingly, I shall DENY the I.D. Sealing Motions as well as Plaintiff's Sealing Motions (ECF 139; ECF 144; ECF 154; ECF 158), without prejudice to the right of the respective parties to renew any of the motions, in compliance with Local Rule 105.11, due within twenty-one days of the docketing of this Order. Any such motion should be accompanied by each proposed redacted exhibit, suitable for filing on the public docket, and provide grounds for each requested redaction. And, if any party believes redaction of a particular exhibit will not provide sufficient protection as to that exhibit, the party shall clearly articulate the reasons that justify complete sealing.

In the interim, the Clerk shall maintain the designated exhibits (ECF 137-26; ECF 138-20; ECF 143; ECF 153; ECF 157) under seal, pending further instruction from the Court.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

_____/s/_____

Ellen Lipton Hollander
United States District Judge